**UNITED STATES of America**

v.

**Stephany TSANGES, Argee Tsanges, Donna Teegarden.**

**Nos. CR–1–83–108–1 to CR–1–83–108–3.**

United States District Court,
S.D. Ohio, W.D.

March 23, 1984.

R. Scott Croswell, III, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER GRANTING MOTIONS TO SEVER

SPIEGEL, District Judge.

The Government filed an indictment joining Stephany Tsanges, Argee Tsanges, and Donna Teegarden as defendants. Both Argee Tsanges and Donna Teegarden have filed motions to sever (CR–1–83–108–2, doc. 12; CR–1–83–108–3, doc. 18), pursuant to Rules 8(b) and 14, Fed.R.Crim.P. The Government opposes these motions (docs. 16, 21 in CR–1–83–108–2). Argee Tsanges has also filed supplemental and reply memoranda (docs. 19, 22 in CR–1–83–108–2).

For reasons that follow, we find that joinder is not proper under Rule 8(b), Fed. R.Crim.P. Severance is therefore mandatory.

Rule 8(b), Fed.R.Crim.P. provides: Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.

The law with respect to motions to sever is absolutely clear.

While it is true that Rule 8(b) should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law. Questions of prejudice are properly raised under Rule 14 only if the joinder of multiple defendants is proper under Rule 8(b). If multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by

that fact, and the trial judge has no discretion on the question of severance. Severance in such a case is mandatory. *United States v. Hatcher*, 680 F.2d 438, 440–41 (6th Cir.1982). Joinder is proper only if each of the counts of the indictment "*arises out of the same* act or transaction or *series* of acts or transactions." *Hatcher*, 680 F.2d at 441 (emphasis added).

■ It is settled law that an allegation of conspiracy creates a *prima facie* presumption of proper joinder. 8 Moore's *Federal Practice* ¶ 8.06[2] and cases cited therein. In the absence of such an allegation, the Government must, at a minimum, allege other facts suggesting the existence of an overall scheme encompassing all defendants and all charged offenses. *United States v. Bledsoe*, 674 F.2d 647, 656–57 (8th Cir.1982), *cert. denied*, 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1983). A series of acts or transactions sufficient to support joinder of more than one defendant exists where there is substantial identity of facts or participants. *United States v. Butera*, 677 F.2d 1376, 1984 (11th Cir.1982). Mere similarity of offenses does not demonstrate that those offenses arose out of a series of acts or transactions. *Bledsoe*, 674 F.2d at 656. Neither does the presence of a common defendant in all of the charges demonstrate that the offenses arose out of the same series. *Hatcher*, 680 F.2d at 411.

The eighteen-count indictment at issue here names three defendants—Argee Tsanges, Stephany Tsanges, and Donna Teegarden. Stephany Tsanges, the primary defendant, is charged in each of the eighteen counts. The counts involve mail fraud, wire fraud, and interstate transportation of fraudulently obtained property. Basically, the Government alleges that the defendants defrauded various insurance companies, primarily by staging automobile accidents after which the defendants would present insurance companies with fraudulent claims for personal injury, property damage, loss of wages, and other losses.

The Government analogizes the indictment to one charging a drug conspiracy, and argues that defendants were engaged in a scheme and artifice to defraud, using the statutory language of 18 U.S.C. § 1341. In other words, the Government asserts that the acts charged in the indictment constitute a series sufficient to support joinder.

■ We disagree. No conspiracy has been charged. The Government is thus not entitled to the presumption that joinder is proper. That a cursory inspection of the indictment suggests that it "looks like" one charging conspiracy does not transform it into one charging conspiracy. Although "scheme and artifice" may suggest more than one person, it is fundamental that, unlike a conspiracy which requires agreement among two or more individuals, a scheme and artifice may be devised and executed by a single individual.

The question remains: do the offenses charged arise out of the same series of acts or transactions? *Hatcher*, 680 F.2d at 441. Put slightly differently, has the Government alleged facts suggesting a single scheme encompassing all defendants and all offenses charged. *Bledsoe*, 674 F.2d at 657. If not, joinder is improper.

Examination of the indictment reveals that the facts upon which all the counts are based are alleged in count 1, ¶ 3. The Government asserts that the fraudulent claims of injury and loss were based upon eight incidents. The approximate date and location of each incident is listed. Two of the incidents occurred in 1978; four in 1980; and two in 1981.

Donna Teegarden is charged along with Stephany Tsanges in counts 1, 3, and 4 with mail fraud in violation of 18 U.S.C. § 1341, and in count 2 with wire fraud in violation of 18 U.S.C. § 1343. Each of these counts alleges an instance of fraud on a date in 1978 subsequent to the dates of the 1978 incidents recited in count 1. One may reasonably assume that the alleged offenses are based upon one or both of the 1978 incidents enumerated in count 1.

Argee Tsanges is charged along with Stephany Tsanges in counts 5 through 10

with mail fraud in violation of 18 U.S.C. § 1341. Each of these counts alleges an instance of fraud in 1980—one in May, one in June, one in October, and three in December. Count 1 recites four incidents in 1980 upon which fraudulent claims were allegedly based—one in February, one in September, and two in November. One may reasonably assume that the offenses with which Argee Tsanges are charged are based on one or more of the four 1980 incidents.

Stephany Tsanges is charged alone in counts 11 through 16 with six additional instances of mail fraud, all allegedly occurring in 1980. In addition, she is charged in counts 17 and 18 with causing the interstate transportation of property obtained by fraud in violation of 18 U.S.C. § 2314. Both of these offenses allegedly occurred in 1981.

This recitation of the facts alleged and the offenses charged demonstrates that the offenses with which Stephany Tsanges is charged may indeed constitute the same series of acts or transactions as to Stephany Tsanges alone. As to Donna Teegarden, however, the offenses charged occupy a distinct time period. We find that, insofar as Donna Teegarden is involved, these offenses do not rise out of the same series of offenses with which Stephany Tsanges is charged. Although joinder of these two defendants is proper as to the first four counts, joinder of the two is not proper as to the remaining fourteen counts.

In the case of Argee Tsanges, the indictment reveals that all the offenses with which she is charged occurred in 1980. Obviously, Argee Tsanges and Stephany Tsanges are properly joined with respect to counts 5 through 10. Equally obviously, the offenses charged in counts 5 through 10 do not arise out of the same series of acts as the offenses charged in counts 1 through 4. We hold therefore that joinder of Argee Tsanges with Donna Teegarden and Stephany Tsanges is thus improper.

The mail fraud offenses with which Stephany Tsanges alone is charged in counts 11 through 16 also occurred in 1980. We assume without deciding that these offenses are part of the same series charged in counts 5 through 10. However, the last two counts charge Stephany Tsanges with causing interstate transportation of property obtained by fraud in 1981. We find that even though these two offenses may be part of the same series of acts insofar as Stephany Tsanges alone is concerned, with respect to the other two defendants, they are separate from the 1978 series and the 1980 series.

We conclude that joinder of Donna Teegarden and Argee Tsanges is improper as the offenses with which they are charged in counts 1 through 4 and counts 5 through 10 respectively do not rise out of the same series of acts or transactions. Further, joinder of Donna Teegarden and Stephany Tsanges is improper as to counts 5 through 18. Finally, joinder of Argee Tsanges and Stephany Tsanges is improper as to counts 1 through 4 and, at a minimum, counts 17 and 18.

The facts alleged by the Government do not suggest a single scheme encompassing all defendants and all offenses charged. Under these circumstances, we find that the most practical and efficient solution is to sever the defendants and conduct three separate trials.

█ Finally, even if we were to conclude that joinder of these three defendants is proper, we would, nevertheless, order severance pursuant to Rule 14, Fed.R.Crim.P. That rule provides for severance whenever it appears that a defendant is prejudiced by joinder of defendants in an indictment. Although we recognize that the general rule is that persons jointly indicted should be jointly tried, C. Wright, *Federal Practice & Procedure: Criminal* 2d § 223, and cases cited therein, we nevertheless are persuaded that there are compelling reasons for ordering severance in this case.

Stephany Tsanges is the primary figure in the Government's case. Argee Tsanges is her mother; Donna Teegarden is her secretary. Common sense tells us that as the evidence with respect to Stephany

Tsanges cumulates, it can only work to the harm and prejudice of the other two defendants. Moreover, defendant Stephany Tsanges is an attorney. Again, common sense tells us that an attorney, like a public official, lives in the public eye and thus may well be held to a higher standard of conduct by the jury regardless of any cautionary instructions we might give. It is likely that the jury might also hold the other two defendants to this higher standard because of their association with Stephany Tsanges.

Finally, the outline of the indictment provided above demonstrates that this case falls into three parts. Stephany Tsanges is involved in all three, but Argee Tsanges and Donna Teegarden are involved in two distinct parts. Stephany Tsanges is the only common factor. However, the offenses charged in all three parts are similar. We conclude that the spill-over effect of the evidence as to Stephany Tsanges will diminish the likelihood that Argee Tsanges and Donna Teegarden will receive fair trials.

We are fully cognizant of the burden we are placing upon the Government and the judicial system by ordering separate trials. Nonetheless, when we balance the inconvenience and expense to the Government of three separate trials against the prejudice to Argee Tsanges and Donna Teegarden if these defendants are tried jointly, we conclude that justice requires severance.

Having found that the motions of Argee Tsanges and Donna Teegarden to sever are well-taken, we hereby grant both motions. These cases are set for separate trials as follows:

The matter of *United States v. Stephany Tsanges*, CR–1–83–108–1, shall proceed to trial on all 18 counts of the indictment beginning May 8, 1984, at 9:30 A.M., in Courtroom 842, U.S. Post Office & Courthouse, Cincinnati, Ohio.

The matter of *United States of Argee Tsanges*, CR–1–83–108–2, shall be transferred to The Honorable Carl B. Rubin, Chief Judge, and shall proceed to trial, beginning May 8, 1984, at 9:30 A.M., in Courtroom 805, U.S. Post Office & Courthouse, Cincinnati, Ohio.

The matter of *United States v. Donna Teegarden*, CR–1–83–108–3, shall proceed to trial before the undersigned, beginning at 9:30 A.M., in Courtroom 842, U.S. Post Office & Courthouse, Cincinnati, Ohio, the day immediately after a verdict is rendered in the case of Stephany Tsanges.

SO ORDERED.